JACQUELINE FOSTER, f.k.a. JACQUELINE CLARKE, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foster v. Commissioner
Docket No. 28652-87
United States Tax Court
T.C. Memo 1990-345; 1990 Tax Ct. Memo LEXIS 372; 60 T.C.M. (CCH) 70; T.C.M. (RIA) 90345; July 9, 1990, Filed *372 Decision will be entered under Rule 155. Mervyn S. Gerson, for the petitioner. Jonathan J. Ono, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 12,160.33 in the 1983 joint Federal income tax of petitioner, Jacqueline Foster, and her husband, Dennis H. Clarke. After concessions, the sole issue to be decided is whether petitioner qualifies under section 6013(e) [1] for "innocent spouse" relief from liability for the deficiency. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner, Jacqueline Foster, resided in Honolulu, Hawaii, when her petition was filed. Petitioner and Dennis H. Clarke (hereinafter Mr. Clarke) were married in May 1981 and were divorced in 1985. They timely filed a joint Federal income tax return for 1983 on which a $ 34,822 charitable contribution *373 deduction was claimed and subsequently disallowed by respondent. Of this amount, $ 33,958 represented cash contributions to the Church of Scientology. Throughout most of their marriage, petitioner and Mr. Clarke lived in a Honolulu apartment owned by petitioner. Petitioner worked as a flight attendant for United Airlines, and Mr. Clarke worked in the solar energy department of City Mill in Honolulu. During 1983, Mr. Clarke was an active member of the Church of Scientology (hereinafter either the Church or Church of Scientology) and traveled throughout the United States making speeches on its behalf. Petitioner was not a member of the Church of Scientology and did not regularly attend any of the Church's activities in 1983. However, the Church of Scientology in Hawaii kept track of petitioner's attendance at the Church functions and sent her letters in 1983 and 1984 asking why she had failed to attend the Church meetings and classes. Petitioner and Mr. Clarke kept separate bank accounts. In 1983, petitioner gave five personal checks totaling $ 16,204 to the Church of Scientology drawn on her First Hawaiian Bank account and labeled "donation." Petitioner wrote the checks at the *374 request of her husband, Mr. Clarke, who deposited his own money for the Church donations into petitioner's individual checking account. The Church required the payments to pay for Mr. Clarke's auditing and training courses. The Church teaches that increased spiritual awareness results from participation in such courses. Petitioner was afraid of Mr. Clarke and in July 1983 moved out of her apartment where Mr. Clarke continued to reside. Shortly after petitioner and Mr. Clarke were separated, they arranged to meet a professional tax preparer, Willie Chang, in order to prepare their 1983 joint Federal income tax return. Prior to the scheduled meeting, Mr. Clarke told petitioner to go to Mr. Chang's office alone and sign a blank joint income tax return because petitioner would be leaving for a month and Mr. Clarke had not yet gathered the papers necessary to fill out the return. Petitioner gave Mr. Chang a list of her proposed 1983 deductions which included her own contributions to United Way, Muscular Dystrophy, and the Salvation Army. Her list did not include any contribution to the Church of Scientology. After petitioner signed the blank return and left for Europe, the return *375 was filled in pursuant to Mr. Clarke's directions and then signed by him. The completed 1983 return reflects a $ 34,822 charitable deduction representing $ 33,958 in cash contributions to the Church of Scientology and $ 864 in cash contributions to another organization. Petitioner and Mr. Clarke executed an "Agreement Incident to Divorce" on March 5, 1985. Paragraph 8C of the divorce agreement states that Mr. Clarke is "entitled to take the total deduction for tax purposes of all donations to the Church of Scientology * * * whether donated in [Mr. Clarke's] name or in [petitioner's] name * * * [and also] agrees to indemnify and hold harmless [petitioner] against any and all claims for taxes, interest and penalties by the Internal Revenue Service arising out of his claim for said deduction." In the statutory notice of deficiency, dated May 26, 1987, respondent determined a deficiency of $ 12,160.33 in the Federal income tax liability of petitioner and Mr. Clarke attributable to the charitable deduction which was disallowed in its entirety. Petitioner timely filed her petition on August 25, 1987, requesting a redetermination of the deficiency. OPINION After concessions, [2] *378 the sole *376 issue for our determination is whether petitioner Jacqueline Foster qualifies under section 6013(e) as an "innocent spouse" with respect to the deficiency resulting from the disallowed charitable deduction. Ordinarily, when a joint return is made by a husband and wife, liability for the tax computed on their aggregate income is joint and several. Sec. 6013(d)(3). However, section 6013(e), as amended by the Deficit Reduction Act of 1984, [3] provides that a spouse is relieved of liability if the following conditions are met: (1) a joint return has been made; (2) the return shows a substantial understatement of tax attributable to grossly erroneous items of one spouse; (3) the other spouse establishes that at the time of the return was signed he or she did not know, nor had any reason to know, that there was a substantial understatement; and (4) under the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax attributable to such substantial understatement. Sec. 6013(e)(1)(A) through (D). In reaching our determination, we bear in mind that Congress intended section 6013(e) to remedy an injustice, and we will not hinder that intent by unduly *377 narrowing or restricting the application of that section. . However, we note that a taxpayer cannot be absolved of joint and several liability unless each of the conditions set forth in section 6013(e) has been independently satisfied. The parties agree that petitioner filed a joint tax return for 1983 and that it showed a substantial understatement of tax meeting the monetary requirements of section 6013(e)(3), (4). However, respondent contends that petitioner has not met the other conditions of section 6013(e)(1) and therefore does not qualify for innocent spouse relief. Petitioner bears the burden of proving that all of the requirements of section 6013(e) have been satisfied. ; Rule 142(a). In order to qualify as an innocent spouse, petitioner must prove that the substantial understatement of tax that was reflected on her 1983 return is "attributable to grossly erroneous items" of Mr. Clarke. Sec. 6013(e)(1)(B). The notice of deficiency shows that petitioner's understatement of tax is directly attributable to the disallowed charitable deduction for the Church of Scientology cash contributions. Grossly erroneous deductions are statutorily defined as those "for which there is no basis in fact or law." Sec. 6013(e)(2)(B). Although the parties agreed to be bound by the recent Supreme Court opinion, S. Ct. 2136 (1989), which held that payments to the Church of Scientology for auditing and training services are not valid charitable deductions, we cannot agree with petitioner that the claimed deduction for the Church donations was so baseless as to afford her relief under the innocent spouse provision of 6013(e). *379 We have interpreted the phrase "no basis in fact or law" as follows: As we read the statute as a whole and its legislative history, a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the committee report, phony. [. Footnote ref. omitted and emphasis added.] Under this legal standard, petitioner has not proved that the claimed charitable deduction for the Church of Scientology contribution lacked a basis in fact or law. Rule 142(a). The deduction has a basis in fact since petitioner admits she gave five checks totaling $ 16,204 to the Church of Scientology during 1983. Although the record is silent as to the contributions made by Mr. Clarke directly to the Church, petitioner's inability to substantiate her husband's claimed *380 deduction is inadequate to prove it lacked a basis in fact. . Further, petitioner has not proved that the charitable deduction claimed on her joint return lacked a basis in law. We are not persuaded by petitioner's argument that the charitable deduction had no legal basis because she had no donative intent. "In the case of a contribution to a charitable organization, the law's policy finds charity in the purposes and works of the qualifying organization, not in the subjective intent of the contributor." . Generally, section 170 provides that charitable contributions may be deducted from taxable income and defines such donations as contributions and gifts made to or for the benefit of certain specified entities, including those organized and operated exclusively for religious purposes. Sec. 170(c)(2)(B). In 1983, the argument that the Church of Scientology was a qualified organization for purposes of section 170 was viable. In fact, the validity of charitable deductions for payments to the Church of Scientology for auditing and training was later upheld in 1987 and *381 1988 by three Federal courts of appeals. ; ; . In 1989, the Supreme Court held that although the parties stipulated that the Church of Scientology is a qualified organization for purposes of section 170, payments for the Church's auditing and training services are not deductible as charitable contributions because the payments are not gifts or contributions under section 170. Nonetheless, until 1989, there was legal authority supporting the deductibility of payments for the Church's auditing and training services since they were regarded as "amount[s] remitted to a qualified church with no return other than participation in strictly spiritual or doctrinal religious practices * * *." ; ; ; compare ; ; , affg. . Therefore, *382 we are not persuaded that in 1983, the taxable year in issue, there was no basis in fact or law for the charitable deduction claimed on petitioner's joint return. Accordingly, we find that it was not a grossly erroneous item as required by section 6013(e)(1)(B). We need not, therefore, discuss whether the deduction was solely "attributable to" Mr. Clarke. Sec. 6013(e)(1)(B). Having found that petitioner has failed to prove one of the four conjunctive requirements of section 6013(e)(1) to qualify her for innocent spouse status, we need not address the other requirements. Accordingly, we find that petitioner remains jointly and severally liable for the deficiency as determined by respondent. Sec. 6013(d)(3). Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent has conceded that the $ 864 which Mr. Clarke gave to another organization unrelated to the Church of Scientology is deductible as a charitable contribution. In light of the fact that the parties agreed to be bound by S. Ct. 2136 (1989), petitioner has conceded that the $ 33,958 donation to the Church of Scientology did not qualify as a charitable deduction.
3. The Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801-803, amended section 6013(e) retroactively to all years to which the Internal Revenue Code of 1954 applies.↩